# IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC SERIES 5984 LINGERING BREEZE,
Appellant,
vs.
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
Respondent.

No. 70445



FILED

DEC 2 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

In October 2002, Henry Wong borrowed $200,990 from Capitol Commerce Mortgage Company (Capitol) to purchase the subject property, located at 5984 Lingering Breeze Street in Las Vegas. Wong executed and delivered the deed of trust to Capitol. In August 2012, the deed of trust was assigned to respondent Bank of New York Mellon, and the assignment was subsequently recorded. The assignment indicated that respondent was the beneficiary of the deed of trust.

The Southern Terrace Homeowners Association (HOA) managed the common unit amenities for the development where the subject property was located. In January 2013, after Wong failed to pay the property's HOA dues, the HOA agent recorded a notice of default and election to sell. This notice was served on several parties, including Wong and Capitol. However, the HOA agent did not serve respondent.

In May 2013, the HOA agent recorded the notice of foreclosure sale, which respondent received. Appellant LM Management LLC purchased the property at the subsequent foreclosure sale. Thereafter,

17-44345

appellant filed a quiet title action against Wong and respondent. Respondent filed a counterclaim for quiet title. Both parties filed motions for summary judgment. The district court entered summary judgment for respondent, concluding that the HOA agent's failure to mail the notice of default to respondent violated NRS 107.090. Thus, according to the court, the HOA agent's lack of substantial compliance with NRS 107.090 rendered the foreclosure sale void. As a result, the court ordered the sale to be set aside. This appeal follows.

Appellant argues that the district court erred in voiding the HOA foreclosure sale on the basis that respondent did not receive the statutorily mandated notice of default and election to sell. According to appellant, this lack of notice was inconsequential because respondent nevertheless received sufficient notice of the foreclosure sale. In contrast, respondent argues that it never received sufficient notice of the sale because it was not served with the notice of default and election to sell. As explained below, we conclude that the district court erred in granting summary judgment.

Generally, "[t]his court reviews a district court's grant of summary judgment de novo, without deference to the findings of the lower court." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper when no genuine issue of material fact remains and the movant is entitled to a judgment as a matter of law. *Id.* Further, this court views the evidence in a light most favorable to the nonmoving party. *Id.*

NRS 107.090 relates to the foreclosure of a deed of trust.[1] NRS 107.090(2) states that "[a] person with an interest" may request a copy of the notice of default or the notice of sale, and that the request must contain certain information. NRS 107.090(1) defines a "person with an interest" as "any person who has or claims any right, title or interest in, or lien or charge upon, the real property described in the deed of trust." Further, pursuant to NRS 107.090(3), a copy of the notice of default and the notice of sale must be mailed to (1) "[e]ach person who has recorded a request for a copy of the notice," and (2) "[e]ach other person with an interest whose interest or claimed interest is subordinate to the deed of trust."

The issue of sufficient notice in an HOA foreclosure is a matter of first impression for this court. In determining whether sufficient notice is satisfied by strict or substantial compliance with a statute, "we examine whether the purpose of the statute or rule can be adequately served in a manner other than by technical compliance with the statutory or rule language." *Schleining v. Cap One, Inc.*, 130 Nev., Adv. Op. 36, 326 P.3d 4, 8 (2014).

Substantial compliance requires that the property owner has actual knowledge and is not prejudiced. *Hardy Cos., Inc. v. SNMARK, LLC*, 126 Nev. 528, 536, 245 P.3d 1149, 1155 (2010). This court has already applied substantial compliance in the context of notice requirements. In *Schleining*, this court stated that NRS 107.095's notice requirements can be fulfilled through substantial compliance because "the purpose of NRS

_____

[1]At the time of the foreclosure sale, NRS Chapter 116 required application of the provisions of NRS 107.090. *See SFR Invs. Pool 1, LLC v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 411 (2014) (noting that pursuant to NRS 116.31168(1), the provisions of NRS 107.090 apply to a HOA foreclosure lien).

107.095 is simply to notify the guarantor that the loan is in default and that the lender has elected to foreclose on the secured property." 130 Nev., Adv. Op. 36, 326 P.3d at 8. Other jurisdictions agree that actual notice generally overcomes statutory notice deficiencies. *See e.g., In re Estate of Ivester*, 812 P.2d 1141, 1145 (Ariz. Ct. App. 1991) (concluding in the context of an estate settlement that "[t]he general rule is that one having actual notice is not prejudiced by and may not complain of the failure to receive statutory notice").

Here, identical to the notice requirements of NRS 107.095, the purpose underlying the notice of default and election to sell requirement is to notify the property owner that the loan is in default and that the lender has elected to foreclose on the property. Therefore, we conclude that substantial compliance with NRS 107.090's notice requirements will suffice if a property owner has actual knowledge and is not prejudiced.

The district court did not adequately address substantial compliance. It failed to determine whether genuine issues of material fact exist as to respondent's actual knowledge of the default and as to whether respondent was prejudiced by a lack of statutory notice (i.e. that respondent's failure to save the property from foreclosure was a result of the lack of statutory notice). Without this analysis, summary judgment was improper. Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Michael Villani, District Judge
        Kerry P. Faughnan
        Zieve, Brodnax & Steele, LLP
        Eighth District Court Clerk